■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR PEREZ, Also Known as OMAR POSADA, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Savarese, J.), rendered May 8, 1990, convicting him of attempted criminal sale of a controlled substance in the third degree under Indictment No. 12911/88, upon his plea of guilty, and imposing sentence, (2) a judgment of the same court, also rendered May 8, 1990, convicting him of criminal possession of a controlled substance in the fifth degree under Indictment No. 14229/89, upon his plea of guilty, and imposing sentence, and (3) an amended judgment of the same court, also rendered May 8, 1990, revoking a sentence of probation previously imposed by the same court, under Indictment No. 50/87, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree. The appeal from the judgment imposed upon Indictment No. 12911/88 brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments and the amended judgment are affirmed.

The defendant asserts that all identification testimony and all physical evidence found upon his person at the time of his arrest for criminal sale of a controlled substance in the third degree should have been suppressed because he was arrested without probable cause. The testimony at the suppression hearing established that on December 7, 1988, the arresting officer received a radio communication from an undercover police officer reporting a purchase of narcotics on the corner of 72nd Street and Roosevelt Avenue in Queens together with a description of the seller as a male Hispanic, "wearing stone-washed jeans and jacket, white sneakers". Moments later, the arresting officer received a second radio call from the under-cover officer's backup, repeating the description and stating that the subject was still on the corner. The arresting officer arrived at the scene within five minutes after receiving the first radio report and arrested the defendant, who fit the given description. Under the facts of this case, there was probable cause to arrest the defendant, and no reason to suppress the physical evidence, which included the prerecorded money found in the defendant's pocket, or the identification testimony.

We find no merit to the defendant's further contention that the sentences imposed were harsh or excessive (see, People v Suitte, 90 AD2d 80). Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.